814

George BEELER, Libelant,

v.

FOSS LAUNCH AND TUG COMPANY, a corporation, and Alaska Aggregate Corporation, a corporation, Respondents.

Civ. No. 62-164.

United States District Court
D. Oregon.

Nov. 29, 1963.

Pozzi, Levin & Wilson, Portland, Or., for libelant.

Gray, Fredrickson & Heath, Portland, Or., for respondents.

SOLOMON, Chief Judge.

George Beeler, a longshoreman, filed a libel in personam against the owner as well as the charterer of Foss Barge 204 for injuries he sustained at Portland, Oregon, on August 27, 1961, while he was engaged in loading the barge on navigable waters of the United States.

Just prior to the accident, longshoremen were loading trailer houses on top of half-houses previously loaded on the deck of the barge. When it became necessary for libelant and his fellow longshoremen to descend to the deck, the walking boss moved an ordinary straight wooden ladder into position. The walking boss, like the longshoremen, was an employee of Portland Stevedoring Company. The walking boss was on the deck in front of the ladder ready to grab it in the event the ladder slipped or moved while it was in use. When Brown, one of libelant's fellow longshoremen, reached the third or fourth rung from the bottom of the ladder, libelant mounted the ladder and started to descend. As Brown reached the deck, the walking boss, believing that Brown would stand by or would hold the ladder, walked away. Brown failed to do this, the ladder slipped, and libelant fell to the deck sustaining serious injuries for which he seeks to recover.

Where a ladder is to be used for a short period of time, it is the custom and practice for longshoremen to have one of their group hold the ladder rather than to lash it to the deck or to another portion of the ship or cargo. It is admitted that this ladder was not defective and that had it been held, it would have been safe.

Libelant contends that the failure to have held the ladder while it was being used rendered it an unsafe and unseaworthy appliance.

Judge Jameson clearly and succinctly set forth the duties of a shipowner with respect to unseaworthiness in Billeci v. United States, 9 Cir., 1962, 298 F.2d 703, 705:

"It is well settled that a shipowner owes a non-delegable duty to furnish a seaworthy vessel and that this duty extends to employees of stevedoring companies; [4] that the warranty of seaworthiness extends to appliances appurtenant to the vessel and does not end with supplying the appliances but also includes keeping them in order, and the exercise of due diligence does not relieve the owner of his obligation to

furnish adequate appliances;[5] that this duty applies to an unseaworthy condition which may be only temporary;[6] and that the shipowner is not relieved of these responsibilities by turning control of loading or unloading over to a stevedore company.[7] [footnotes omitted]

Immediately following such statement, Judge Jameson set forth the limitations on such duties:

"On the other hand, while the duty is absolute, it is a duty only to furnish a vessel and appliances reasonably fit for their intended use;[8] the law does not impose upon the shipowner the burden of an insurer or the duty to provide an accident-proof ship;[9] and the shipowner's warranty of seaworthiness does not extend to a negligent use by longshoremen of seaworthy appliances.[10] [footnotes omitted]

The Court there sustained a trial court's finding that the ship's appliances were seaworthy and reasonably fit for their intended use and that the libelant's injuries were directly and solely caused by a fellow longshoreman's negligent operation of such appliances. Judge Jameson distinguished the facts in that case from Crumady v. Joachim Hendrik Fisser, 1959, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413, and Grillea v. United States, 2 Cir., 1956, 232 F.2d 919, on the ground that in each of those cases the negligent act had terminated and the appliance was left in an unsafe condition.

The same distinction can be made here. This was not a case in which the negligent acts which created the unsafe condition terminated; here the negligent acts of libelant's two fellow employees, the walking boss and Brown, caused the unsafe condition and simultaneously the accident and injury. There can be no recovery against a ship in such a case. Rawson v. Calmar Steamship Corporation, 9 Cir., 1962, 304 F.2d 202.

In accordance with this opinion, respondents may submit findings of fact, conclusions of law, and a judgment in their favor.